LAURA E. DUFFY
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: caroline.clark@usdoj.gov
Telephone: (619) 546-7183
Facsimile: (619) 546-7751

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Petitioner,<br><br>       v.<br><br>KENNETH STRAUSS,<br><br>                           Respondent. | Civil Case No. **'12 CV 1594 BTM MDD**<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS<br><br>Date:      August 31, 2012<br>Time:     2:00 p.m.<br>Courtroom:  15<br>The Honorable Barry Ted Moskowitz |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Caroline J. Clark, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summons described below and, in support thereof, alleges as follows:

1.  This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2.  Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

3.  Venue is proper in the Southern District of California because Kenneth Strauss ("Respondent") is found within this district.

4.  At all times relevant, M. Breed, who served the summons on Respondent, was a Revenue Officer with the IRS, employed in the Small Business/Self-Employed Division of the Internal Revenue Service in San Diego, California, and was authorized to take testimony and receive documents requested

///

in the IRS summons pursuant to 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.  See Declaration of Revenue Officer M. Breed at ¶ 1 (hereinafter "Breed Decl.").

5. Respondent resides at 4154 Mustang Street, San Diego, California, which is within the geographical jurisdiction of this Court.

6. On July 22, 2011, the IRS issued an IRS summons directing Respondent to appear before Revenue Officer Breed on August 22, 2011, at 10:00 a.m. at 880 Front Street, San Diego, California, to give testimony and to produce for examination the documents and records specified in the summons. Breed Decl. at ¶¶ 3, 5.  The summons related to Respondent's ability to pay the penalty assessed against him for the 2000 tax year as well as the income tax liabilities assessed against him for the 1998, 1999, 2000, and 2002 tax years.  Id. at ¶ 2.  On July 22, 2011, Revenue Officer Breed served an attested copy of the summons on Respondent by handing it to Respondent.  Id. at ¶ 4.  Copies of the summons and Certificate of Service are attached to the Breed Declaration as Exhibits A and B.

7. Respondent did appear before Revenue Officer Breed on August 22, 2011, but refused to provide the requested documents, records, or information called for in the summons and asserted the Fifth Amendment privilege.  Id. at ¶ 7.

8. On September 13, 2011, attorney Erin K. Salel of the IRS Office of Division Counsel sent a letter to Respondent providing him with another opportunity to comply with the summons, directing him to appear before Revenue Officer Breed on October 24, 2011, at 10:00 a.m. at 880 Front Street, Room 3295, in San Diego, California.  Id. at ¶ 8.  On October 24, 2011, Respondent did appear but did not provide any of the summonsed information.  Id. at ¶ 9.

9. Respondent has not provided the IRS with the testimony and documents requested in the summons.  Id. at ¶ 11.

10. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.  Id. at ¶ 13.

11. In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed

2

. . . " <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964); <u>accord</u>, <u>United States v. Dynavac</u>, 6 F.3d 1407 (9th Cir. 1993).  The burden on the government is a "slight one" and may be satisfied by presenting the declaration by the investigating agent. <u>Dynavac</u>, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of process or lack of institutional good faith. <u>Id.</u> The taxpayer "must allege specific facts and evidence to support his allegations." <u>Liberty Financial Services v. United States</u>, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. <u>See</u> <u>Hotz v. United States</u>, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996).  To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. <u>Fortney v. United States</u>, 59 F.3d 117, 121 (9th Cir. 1995).

12.  Moreover, a taxpayer is only entitled to the Fifth Amendment privilege if he can establish a "real and appreciable" risk of incrimination. <u>United States v. Rendahl</u>, 746 F.2d 553, 554 (9th Cir. 1984) (<u>citing</u> <u>United States v. Neff</u>, 615 F.2d 1235, 1239 (9th Cir. 1980). The taxpayer bears the burden of showing that testimony or documents are privileged. <u>United States v.Brown</u>, 918 F.2d 82, 84 (9th Cir. 1990).

13.  Revenue Officer Breed is conducting an investigation to determine Respondent's ability to pay the income tax penalty assessed against him for the 2000 tax year as well as the income tax liabilities assessed against him for the 1998, 1999, 2000, and 2002 tax years.  Breed Decl. at ¶ 2.

14. The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a).  Therefore, Revenue Officer Breed's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

15. Further, the testimony, books, papers, records, or other data sought by the summons are not already in the possession of the IRS.  Breed Decl. at ¶ 12.

16.  Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

17.  The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well settled that

to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summonsed information may "throw light upon" the subject of the investigation.  United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984).  This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summonsed records will be in determining the collectibility of a person's tax liability and whether a person has an income tax liability for a specific period.  The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility.  The purpose of Congress is obvious:  the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original).  This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes.  26 U.S.C. § 7601.

18.  Under the instant circumstances, it is clear that the summonsed material is relevant.  The purpose of Revenue Officer Breed's investigation is to determine the collectibility of Respondent's income tax penalty assessed against him for the 2000 tax year as well as the income tax liabilities assessed against him for 1998, 1999, 2000, and 2002.  Breed Decl. at ¶ 2.  The summons seeks, among other things, "[a]ll documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit [including] . . . all bank statements, checkbooks, canceled checks, savings account passbooks, records or certificates of deposit . . ." Id. at Exhibit A.  The documents sought by this summons are relevant to the determination of the collectibility of the tax liability assessed against Respondent.  Id. at ¶ 14.

19.  There is no Department of Justice referral in effect with respect to Respondent.  Id. at ¶ 15.

WHEREFORE, the United States requests that:

1.  The Court enter an order directing Respondent, Kenneth Strauss, to show cause, if any, why he should not comply with and obey the above-described summons (Breed Decl. at Exhibit A) served on July 22, 2011 and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the

1  summons before Revenue Officer Breed, or any other proper officer or employee of the IRS at such time

2  and place as may be fixed by Revenue Officer Breed or any other proper officer or employee of the IRS.

3      2.  That the United States recover the costs and expenses incurred in maintaining this action

4  against Respondent.

5      3.  That the Court grant such other and further relief as may be required.

6  DATED:  June 27, 2012                        LAURA E. DUFFY
                                 United States Attorney

                               s/ Caroline J. Clark

                               _____
                               CAROLINE J. CLARK
                               Assistant United States Attorney
                               Attorneys for Petitioner
                               E-Mail: caroline.clark@usdoj.gov