UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 12cv1594 BTM (MDD) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |
| v. | ) | |
| | ) | |
| KENNETH STRAUSS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Respondent Kenneth Strauss ("Respondent"). On August 8, 2012, the Court issued an amended order to show cause why the IRS summons should not be judicially enforced. On September 11, 2012, Respondent filed an answer in response to the order to show cause. On October 4, 2012, the Government filed a reply.

A hearing on the order to show cause was held on October 12, 2012 at 2:00 p.m. The Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent appeared and represented himself. For the reasons explained below, the Government's petition to enforce the summons is GRANTED, provided that Respondent is allowed to tape record any and all sessions with the interviewing Revenue Officer.

BACKGROUND

The IRS is conducting an investigation into Respondent's unpaid tax liabilities for the 1998, 1999, 2000 and 2002 tax years. In furtherance of these investigations, on July 22, 2011, M. Breed, a Revenue Officer employed by the IRS, issued a summons to Respondent, requiring him to give testimony and produce for examination certain documents and records described in the summons relating to his ability to pay the assessed tax liabilities.

The summons ordered Respondent to appear before the IRS on August 22, 2011.

On August 22, 2011, Respondent appeared before Revenue Officer Breed but did not produce any of the summonsed information. In response to Revenue Officer Breed's questions about his income, assets, liabilities and ability to pay what he owes to the IRS, Respondent refused to answer and invoked the Fifth Amendment. On October 24, 2011, Respondent appeared before Revenue Officer Breed in response to a letter sent by the Office of Division Counsel of the IRS, but again failed to provide any of the information requested in the summons. Both times, Respondent requested to tape record the interview but was denied.

On June 27, 2012, the Government petitioned the Court to enforce the summons. On August 8, 2012, the Court set a hearing date for this matter and ordered Respondent to show cause why he should not be compelled to comply with the IRS summons. The IRS served this amended order to show cause on Respondent on August 23, 2012 and filed proof of service with the Court on September 5, 2012. On September 11, 2012, Respondent filed an answer in response to the amended order to show cause. On October 4, 2012, the Government filed a reply. On October 12, 2012, the Court held a hearing on the order to show cause.

## DISCUSSION

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the taxpayer to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Ninth Circuit has characterized the taxpayer's burden as a heavy one. See Fortney, 59 F.3d at 120.

The Government's petition and Revenue Officer Breed's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation with respect to the

collection of Respondent's unpaid assessed tax liabilities for the 1998, 1999, 2000, and 2002 tax years. [Declaration of Revenue Officer M. Breed in Support of Petition, ¶ 2.]  Such an investigation is expressly authorized by 26 U.S.C. § 7602(a).  The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a).  Thus, the summons was issued for a legitimate purpose.  Second, Revenue Officer Breed has declared in her affidavit that the information requested by the summons may be relevant to the IRS determination of the collectibility of Respondent's assessed income tax liability. [Id. at ¶ 14.]  Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 12.]  Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 13.]  Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summons.

However, the IRS' refusal to allow Respondent to tape record the interview was in error.  As Respondent correctly noted in his response to the order to show cause, he has the right to tape record any interviews with the IRS.  Under 26 U.S.C. § 7521(a)(1):

> Any officer or employee of the Internal Revenue Service in connection with any in-person interview with any taxpayer relating to the determination or collection of any tax shall, upon advance request of such taxpayer, allow the taxpayer to make an audio recording of such interview at the taxpayer's own expense and with the taxpayer's own equipment.

To the extent that Respondent wishes to claim protection under the Fifth Amendment, he may not simply make a "blanket assertion" of his Fifth Amendment rights, but must do so on a question-by-question or document-by-document basis.  See United States v. Brown, 918 F.2d 82, 84 (9th Cir.1990). While the Fifth Amendment may apply to the production of documents and testimony before the IRS in response to a summons, see United States v. Drollinger, 80 F.3d 389, 392 (9th Cir.1996), Respondent must demonstrate that his testimony or documents would " 'support a conviction under a federal criminal statute' or 'furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime.'" United States v. Rendahl, 746 F.2d 553 (9th Cir. 1984) (quoting Hoffman v. United States, 341 U.S. 479, 486 (1951)).  The threat of self-incrimination must be "real and appreciable," not merely "imaginary and unsubstantial," which the court determines by examining "the questions, their setting,

and the peculiarities of the case." Id. (citing United States v. Neff, 615 F.2d 1235, 1239 (9th Cir. 1980). Thus, for any questions or documents for which Respondent invokes the Fifth Amendment, the Court will make an individual determination for each question or document as to whether the Fifth Amendment applies.

As to Respondent's other "Affirmative Defenses," many of them are inapposite because, as the Government notes in its reply brief, summons enforcement proceedings are not the appropriate forum for challenging the validity of an assessment. See, e.g., United States v. Battle, 213 F. App'x 307, 310 (5th Cir. 2007); United States v. Mueller, 930 F.2d 10, 12 (8th Cir. 1991). The Court finds the remainder of Respondent's arguments to be without merit.

## CONCLUSION

For the reasons set forth above, the Government's petition to enforce the IRS summons is GRANTED. Respondent, Kenneth Strauss, is directed to appear before IRS Revenue Officer M. Breed or a designee, on November 20, 2012, at 9:00 a.m., at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give testimony as directed in the summons. Any Fifth Amendment issues will be addressed on a case-by-case basis. Respondent has the right to tape record any and all sessions. The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

DATED: October 29, 2012

*[signature]*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court